UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEERAPOL PHANNGAM,<br><br>    Plaintiff,<br><br>    v.<br><br>SIVALAI 888 CORP. and<br>NAENGNOI CORREIA,<br><br>    Defendants. | Civil Action No. 24-11221-JCB |

ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT
[Docket No. 28]

March 26, 2025

Boal, M.J.

    The parties jointly seek the Court's approval of their proposed settlement agreement. Docket No. 28. For the reasons that follow, the parties' joint motion is allowed.

    Plaintiff Peerapol Phanngam was a former waiter employed by defendants Sivalai 888 Corp. and Naengnoi Correia. On May 7, 2024, Phanngam filed this action, alleging that the Defendants violated the Fair Labor Standards Act ("FLSA") and the Massachusetts Wage Act by failing to pay him a minimum wage, overtime, and tips. Docket No. 1. In addition, Phanngam alleges that he was not paid for all hours worked and that the Defendants violated the pay slip requirements of the Massachusetts Wage Act. See id. at ¶¶ 62-71.

    The parties served written discovery and voluntarily exchanged certain information, including timekeeping and payroll records. See Docket No. 17 at 1; Docket No. 20; Docket No. 28-1 at 4-5. On February 18, 2025, the parties participated in a mediation before Magistrate

Judge Paul G. Levenson. Docket No. 26. On February 20, 2025, they filed a joint motion for approval of settlement and submitted their settlement agreement for the Court's review. Docket No. 28-2. On March 6, 2025, the Plaintiffs submitted their billing records for in camera review.[1]

The Court held a hearing on the parties' joint motion on March 26, 2025. At the hearing, the parties described the strengths and weaknesses of their respective positions, and the attendant litigation risks. They explained their views on the range of possible recoveries. The Court also inquired regarding Plaintiffs' allocation of the settlement proceeds and their counsel's attorney's fees.

When presented with a motion to approve a FLSA settlement, a court's duty is as follows:

> The private settlement of FLSA claims requires the approval of either the Department of Labor or the district court. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015) ("[S]tipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect."); Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1353 (11th Cir. 1982) (district court may enter a stipulated judgment after "scrutinizing the settlement for fairness"). The Court may approve the settlement upon a finding that all parties to the action have agreed to it, and that it represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, Inc., 679 F.2d at 1355. Further, "[w]here a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." Mireku v. Red Vision Sys., Inc., No. 11 Civ 9671(RA)(JLC), 2013 WL 6335978, at *1 (S.D.N.Y. Dec. 6, 2013) (citing Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)); see also 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); Silva v. Miller, 307 Fed. Appx. 349 (11th Cir. 2009) (holding that the FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement").

---

[1] Plaintiff's counsel has agreed to waive costs of $538.

Singleton v. AT&T Mobility Servs., LLC, 146 F. Supp. 3d 258, 260 (D. Mass. 2015).

"When determining whether a proposed settlement is fair and reasonable, courts consider the totality of the circumstances, which may include such factors as (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Id. at 260-61 (citing Wolinsky, 900 F. Supp. 2d at 335) (internal quotation marks omitted).

After considering the parties' representations and submissions, the Court agrees that the proposed settlement represents a fair and reasonable resolution of the dispute, and that the settlement was reached through arms-length negotiations between counsel for both parties. The Court has found no reason to suspect fraud or collusion, and further finds that the settlement will save time and expense for both sides.

The Court also approves the parties' proposed settlement with respect to attorneys' fees and costs. "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award. Wolinsky, 900 F. Supp. 2d at 336 (citations omitted). After reviewing in camera the time and billing records submitted by Plaintiffs' counsel, the Court finds that the amount allocated for attorneys' fees is fair and reasonable in light of the result reached in this case and the total number of hours that Plaintiffs' counsel dedicated to this matter.

3

For the foregoing reasons, the Court approves the proposed settlement.

                                                          /s/ Jennifer C. Boal
                                                          JENNIFER C. BOAL
                                                          UNITED STATES MAGISTRATE JUDGE